IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.             Criminal No. 05-027 (JAG)

TURISMO NAUTICO DEL
MAR DE CORTES,
         Defendant

RECEIVED & FILED
JAN 26 2005
CLERK'S OFFICE
U.S. DIST. COURT
SAN JUAN, PR

## PLEA AGREEMENT

The United States of America through its undersigned attorney, together with the defendant, TURISMO NAUTICO DEL MAR DE CORTES ("TURISMO") respectfully advise the Court that they have reached a plea agreement pursuant to FED. R. CRIM. P. 11(c)(1)(B). The plea agreement relates to the resolution of a criminal investigation arising out of TURISMO's role in the operation of the M/V TOPAZ within the waters of the United States of America at Mayaguez, Puerto Rico on or about September 30, 2003 without an operating oil water separator or other oil filtering equipment as required by MARPOL and the Act to Prevent Pollution from Ships (APPS) 33 U.S.C. § 1908 (a). The following paragraphs set forth the specific terms and conditions of the plea agreement between the United States of America and TURISMO.

## PLEA OF GUILTY

1. TURISMO agrees to waive indictment and enter a plea of guilty to a one count criminal information charging it with operating the M/V TOPAZ a vessel of 10,000 gross tons or more, within the navigable waters of the United States without an operating oil water separator or other oil filtering

equipment, in violation of MARPOL Annex I, Regulations 8 and 16 and Title 33, United States Code, Section 1908 (a) and Title 18, United States Code, Section 2.

## Elements of the Offense

2. The elements of the offense of knowingly operating a vessel of 10,000 gross tons or more within the navigable waters of the United States without an operating oil water separator or other oil filtering equipment in violation of MARPOL Annex I, Regulations 8 and 16 and 33 U.S.C. § 1908 are as follows. The defendant, TURISMO, by and through the action of its employees and its agents: (a) knowingly operated a vessel of 10,000 gross tons or more; (b) within the waters of the United States; (c) without an operating oil water separator or other oil filtering equipment as required by international and federal law. See MARPOL Annex I, Regulations 8 and 16 and 33 U.S.C. §§ 1903 (a), 1908 (a).

## The Penalties

3. The offense to which the defendant, TURISMO, will plead guilty is a Class D felony and carries a maximum statutory fine of $500,000. 33 U.S.C. § 1908 (a).

4. Under the alternative fine provision of 18 U.S.C. § 3571 (c), the maximum fine that may be imposed on the defendant is the greatest of the amount specified in the statute setting forth the offense; or for a felony, not more than $500,000.

5. The defendant, TURISMO, is obligated to pay a special assessment of $400.00 on each felony count of conviction. 18 U.S.C. § 3013 (B)(2)(A). TURISMO agrees to pay the special assessment to the Clerk of the Court on the day of sentencing.

6. Unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of

the sentence, interest will be charged on the unpaid balance of a fine amount not paid within fifteen days after the judgment date, pursuant to 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

### Restitution

7. In addition to the other penalties provided by law, the Court may also order that the defendant, TURISMO, make restitution as permitted or required under 18 U.S.C. §§ 3663 and 3663A.

8. The United States and the defendant, TURISMO, agree that an order of restitution is not appropriate in this case.

### Applicability of Sentencing Guidelines

9. TURISMO, understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. TURISMO, further understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant, TURISMO, expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares a pre-sentence investigation report. TURISMO further understands that it will have no right to withdraw its guilty plea if the sentence or the Guideline application is other than anticipated on the basis of this plea agreement.

### Sentencing Guidelines Calculation and Recommendation

10. The United States and TURISMO agree and acknowledge that the United States Sentencing Guidelines are applicable to this case, except that pursuant to USSG§§ 8C2.1 and 8C2.10,

the United States Sentencing Guidelines are not applicable for purposes of determining a fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case, including provisions for probation and community service.

11. The United States and TURISMO, recommend to the Court that the appropriate sentence in this case be that the defendant TURISMO be sentenced to a three year term of probation and ordered to pay a fine of $100,000.

### Special Assessment

12. In addition, the defendant TURISMO be ordered to pay a Special Assessment of $400, which will be due and payable to the Clerk of the United States District Court for the District of Puerto Rico at the time the defendants enter its plea of guilty.

### Special Conditions

13. Defendant, TURISMO, and the United States further agree that in addition to the general conditions of probation imposed by the Court, the following special conditions shall be imposed upon the defendant by the sentencing court, that the defendant, TURISMO:

(a)  shall not operate a motor vessel of 10,000 gross tons or more within the waters of the United States during the term of probation; and

(b)  shall not commit another federal, state or local crime, and shall not discharge any other pollutants, except in compliance with the law.

### Factual Basis for Conviction

14. The accompanying Statement of Facts signed by the defendant, TURISMO, is hereby incorporated into this Plea Agreement. TURISMO adopts the Statement of Facts and agrees that the

facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, TURISMO agrees that said Statement of Facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

## Waiver of Rights

15. <u>Waiver of Right to Indictment</u>: The defendant, TURISMO, understands that it has the right to have the facts of this case presented to a federal grand jury. The grand jury consists of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that defendant committed the offense set forth in the information before an indictment could be returned. TURISMO, expressly acknowledges that it is knowingly and intelligently waiving its right to be indicted by a federal grand jury.

16. <u>Waiver of Trial Rights and Consequences of Plea</u>: The defendant, TURISMO, understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant. TURISMO understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, and the right to compulsory process for the attendance of witnesses to testify in its defense. TURISMO further understands that by pleading guilty it waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

17. <u>Waiver of Statute of Limitations:</u> The defendant, TURISMO, understands and agrees that should the conviction following its plea of guilty pursuant to this plea agreement be vacated for any

reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. TURISMO, agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

18. <u>Waiver of Right to Appeal and Collateral Attack</u>: The defendant, TURISMO, acknowledges that under certain circumstances it is entitled to appeal its conviction and sentence. It is specifically agreed that neither the Government nor the defendant will appeal or collaterally attack in any proceeding (including but not limited to a motion under 28 U.S.C. § 2255) the conviction or sentence imposed by the Court on defendant, even if the Court calculates the sentence or sentencing range by a Guideline analysis different from that specified in this plea agreement or anticipated by either party. TURISMO, expressly acknowledges that it is waiving his right with respect to future challenges to its conviction or sentence knowingly and intelligently.

19. <u>Waiver of Claims under §3006A</u>: The defendant, TURISMO, further agrees to waive any claim under 18 U.S.C. § 3006A for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.

20. <u>Waiver under *Blakely v. Washington*</u>: As a term of this plea agreement TURISMO, agrees to waive all rights under <u>Blakely v. Washington,</u> 2004 WL 1402697 (June 24, 2004). The defendant agrees to have his sentence determined under the Sentencing Guidelines; waives any right to

have facts that determine his offense level under the Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the court at the time sentencing by a preponderance of the evidence and that the court may consider any reliable evidence, including hearsay, and agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines.

## Acknowledgment of Guilt Voluntariness of Plea

21. TURISMO, acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty of the charged offense. The defendant, TURISMO, further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and TURISMO (other than those described in this plea agreement), without promise of benefit of any kind (other than the concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The defendant, TURISMO, further acknowledges that it has a full understanding of the nature of the offense to which it is pleading guilty, including the penalties provided by law. The voluntary nature of TURISMO's plea of guilty and the acknowledgment of its full understanding of the nature of the offense charged against it are evidenced by the corporate resolution authorizing the entry of its plea of guilty. A copy of said resolution is attached hereto and incorporated herein. TURISMO, also acknowledges it is completely satisfied with the representation and advice received from its undersigned attorney, Juan Acevedo-Cruz. TURISMO, and attorney Juan Acevedo-Cruz are unaware of any conflict of interest concerning attorney Acevedo-Cruz representation of TURISMO in this case.

### Scope of Agreement

22. In exchange for TURISMO's guilty plea and the other terms in this Plea Agreement, the United States agrees not to file any further criminal actions against TURISMO, for any conduct arising out of the operation of the M/V TOPAZ on or about September 30, 2003 which is the basis of the Criminal Information, and of which the government presently has knowledge. TURISMO, acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant, TURISMO, acknowledges that no representations have been made to them with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.

### Satisfaction of Federal Criminal Liability; Breach

23. TURISMO's guilty plea, if accepted by the Court, will satisfy TURISMO's federal criminal liability in the District of Puerto Rico as a result of the conduct which is the basis of the Criminal Information filed in this case.

24. TURISMO, understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its plea of guilty.

### No Other Promises

25. The defendant, TURISMO, acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be

entered into unless set forth in writing and signed by all the parties.

/ / /

/ / /

/ / /

AGREED TO AND ACCEPTED, this 26 day of January, 2004.

_____
TURISMO NAUTICO DEL MAR
DE CORTES

By: _____
JUAN ACEVEDO CRUZ, ESQUIRE
Attorney for the defendant
TURISMO NAUTICO DEL MAR DE
CORTES

H. S. GARCIA
United States Attorney
District of Puerto Rico

_____
HOWARD P. STEWART
Environmental Crimes Section
U.S. Department of Justice
P.O. Box 23985
L'Enfant Plaza Station
Washington, DC 20026
(202) 305-0334

## AGREED STATEMENT OF FACTS

The United States and the defendant, TURISMO NAUTICO DEL MAR DE CORTES (TURISMO) agree and stipulate that if this case were to proceed to trial the United States would prove the following facts:

The M/V TOPAZ (formally M/V Ledenice) is a 10,142 gross ton freight vessel built in Yugoslavia in 1979. It was fitted with a Turbulo TEF type Oil Water Separator (OWS) when built. The original OWS was still in use when the vessel came to Puerto Rico on September 30, 2003. The vessel was initially flagged in Malta and registered with the Croatian Register of Shipping (CRS) and Lloyd's Registry. In 1999, the owner of the M/V TOPAZ changed the vessel's flag state to Mexico. The Mexican Maritime Agency issued the vessel's most recent International Oil Pollution Prevention (IOPP) Certificate in January 2003. The owner transferred the M/V TOPAZ's classification registry from Lloyds Registry to Bureau Veritas (BV).

On September 30, 2003 the Coast Guard boarded the M/V TOPAZ in Mayaguez, Puerto Rico to conduct a Port State Control Inspection. When the M/V TOPAZ came to Puerto Rico it was under the operation of TURISMO. During the inspection, the Coast Guard observed a "by-pass" pipe installed around the vessel's OWS. The "by-pass" pipe was a part of the vessel hard pipe system and connected the bilge pipe and the overboard discharge.

The Coast Guard inspection team examined the OWS and tested the equipment to determine if it was in operating conditions. When tested, the OWS was not working. Specifically, the Coast Guard found that the oil content meter/sensor did not function.

The Coast Guard inspection team then requested that the "by-pass" pipe be removed for

examination. When the pipe was removed, the Coast Guard observed a substantial amount of black oily residue inside. The Coast Guard also observed oil inside the fixed overboard discharge piping, after the vessel's OWS three-way-valve.

When the Coast Guard examined the vessel's Oil Record Book (ORB) there were no entries for the operation of the OWS. The most recent entry for the disposal of oily water to a shore side reception facility was December 23, 2002.

On October 3, 2003, the ship was attended by an employee of Bureau Veritas the ship's Classification Society. The Bureau Veritas employee was a Senior Surveyor and filed a letter dated October 3, 2003 with the Coast Guard stating that the OWS "is inoperable at this time." Bureau Veritas advised the operator to remove the "by-pass/jumper from the bilge pump . . . and blind the overboard pipe from the OWS."

Bureau Veritas consulted with the Coast Guard again on October 7, 2003. Bureau Veritas told the Coast Guard that it was the Class Society's opinion that the OWS appeared to have not been operating or operated in two to three years, and that the OWS would not function properly at the present time because of the amount of debris and oil in the filters.

A Bureau Veritas report dated October 2, 2003 contained the following statement. According to the Chief Engineer and Master, [of the M/V TOPAZ], the OWS had not been working for a long time. They complained that the OWS did not work when they took over the ship 2 years ago. The Bureau Veritas report continues, "Observation by the attending surveyor: Clearly, the OWS has not been in use for some time."

The operator TURISMO hired a ship repair service on October 12, 2003 to repair and certify

2

the operation of the OWS. According to the ship repair service billing information, a technician attended the vessel, calibrated and adjusted the PPM Meter, removed, repaired and cleaned the sensors of the OWS.

When the M/V TOPAZ entered Puerto Rico on September 30, 2003, the OWS onboard the M/V TOPAZ was not maintained or operating in accordance with the IOPP Certificate dated January 28, 2003 and the requirements of MARPOL Annex I, Regulation 16.

AGREED AND ACCEPTED:

_____
TURISMO NAUTICO DEL
MAR DE CORTES

DATE: Jan. 26th, 2005

_____
JUAN R. ACEVEDO CRUZ, ESQUIRE
Attorney for TURISMO NAUTICO DEL
MAR DE CORTES

DATE: January 26, 2005

_____
HOWARD P. STEWART
Senior Litigation Counsel
Environmental Crimes Section
U.S. Department of Justice
P.O. Box 23985
L'Enfant Plaza Station
Washington, DC 20026
(202) 305-0334

DATE: 1/26/05

3

## CORPORATE RESOLUTION

**I, Mr. Mariano Ruano Boza**, hereby certified that I am President of Turismo Náutico del Mar de Cortés, S.A. De C.V. a corporation duly organized under the laws of the Republic of the United States of Mexico, and that was follows is an exact, complete and truthful transcript from an approved resolution decided upon at a Board of Directors meeting of this Corporation, which was duly called and held on the 11th of January, 2005, with adequate quorum present, and its part of the minutes of the said meeting and has not been altered in any way.

**BE IT RESOLVED,** to authorize and ratified in all matters necessary the appearance of **Captain Luis Carlos Cisneros Burciaga**, as **Special Delegate** of Turismo Náutico del Mar de Cortés, at the United States District Court for the District of Puerto Rico, to enter a plea of guilty for the Corporation in the case of *United States of America v. Turismo Náutico del Mar de Cortés S.A. De C.V.*.

This is to authorize to **Captain Luis Carlos Cisneros Burciaga** to enter a plea of guilty pursuant to the plea agreement that has been reached with the United States Department of Justice. Among the conditions the plea guilty includes a payment of a fine $100,000.00, a mandatory special assessment of $400.00 and a term of three years probation during which Turismo Náutico del Mar de Cortés, S.A. De C.V., shall no operate a motor vessel of 10,000 gross tons or more within the waters of the United States during the term of probation and shall not commit another federal, state or local crime; and shall not discharge any other pollutants, except in compliance with the law.

In testimony, in which I sign and stamp the corporate seal in La Paz, B.C.S. Mexico, this 21st of January, 2005.



_____
PRESIDENT

**CORPORATE SEAL**